UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY<br>Plaintiff, | : | |
| v. | : | C.A. No. 05-234-S |
| TRANSCANADA POWER MARKETING LTD.<br>Defendant. | : | |

**DEFENDANT TRANSCANADA POWER MARKETING LTD.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION OR TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS**

Defendant TransCanada Power Marketing Ltd. ("TransCanada") hereby moves this Court to decline jurisdiction over and dismiss the instant action brought by Plaintiff Narragansett Electric Company ("Narragansett") or, in the alternative, to stay the action or transfer it pursuant to 28 U.S.C. § 1404(a) to the District of Massachusetts, where a previously filed and identical action (the "Massachusetts Action") is already pending.

In support hereof, TransCanada relies on the memorandum of law and Affidavit of William Taylor filed herewith.

Respectfully submitted,

TRANSCANADA POWER MARKETING, LTD.

By its Attorneys,

Kristin E. Rodgers #4842
Blish & Cavanagh LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: June 16, 2005

*Pro Hac Vice Pending*

Daniel C. Winston (BBO#562209)
Wendy S. Plotkin (BBO#647716)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000
(617) 248 4000 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2005 a copy of Defendant's Motion to Dismiss or, in the Alternative, to Transfer Proceedings to the District of Massachusetts, was duly served upon the following counsel of record for plaintiff, by hand:

Gerald J. Petros, Esq. (BBO#2931)
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903
Telephone No. (401) 274-2000
Fax No. (401) 274-9600

Cynthia Dragon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY<br>Plaintiff, | : | |
| v. | : | C.A. No. 05-234-S |
| TRANSCANADA POWER MARKETING LTD.<br>Defendant. | : | |

**DEFENDANT TRANSCANADA POWER MARKETING LTD.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY THE ACTION OR TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS**

Defendant TransCanada Power Marketing Ltd. ("TransCanada") submits the within memorandum of law in support of its motion to dismiss the instant action brought by Plaintiff Narragansett Electric Company ("Narragansett") or, in the alternative, to stay the action or transfer it pursuant to 28 U.S.C. § 1404(a) to the District of Massachusetts, where a previously filed and identical action (the "Massachusetts Action") is already pending.[1]

Narragansett's Complaint in Rhode Island ("RI Complaint") represents nothing more than baseless forum-shopping. Narragansett filed its RI Complaint only seven days after receiving TransCanada's Massachusetts Complaint ("MA Complaint"), and the RI Complaint is literally a word-for-word copy of the counterclaim that Narragansett has already asserted in the Massachusetts Action ("MA Answer/Counterclaim"). (Copies of the MA Complaint and MA Answer/Counterclaim are attached as Exhibits 1 and 2.)

[1] In further support of its motion, TransCanada files herewith the Affidavit of William Taylor ("Taylor Aff.").

The First Circuit and District Courts of Rhode Island have made clear that such forum-shopping is not permitted. Thus, in the absence of an affirmative showing by Narragansett that a Rhode Island forum is clearly preferable, this second-filed action should be dismissed.

Narragansett has no justifiable basis to have brought this second-filed action here in Rhode Island. As set forth herein, this Court should summarily dismiss this action because: (1) the instant matter is identical to the earlier filed Massachusetts Action; (2) the balance of convenience actually favors resolution of this action in the District of Massachusetts; and (3) no "special circumstances" exist that would justify disregarding the strong presumption favoring the first-filed Massachusetts Action. In the alternative, this Court should transfer this action to the District of Massachusetts, or stay this action, on the same grounds.

## RELEVANT FACTS[2]

TransCanada is a power marketing company with a principal place of business in Westborough, Worcester County, Massachusetts. TransCanada purchases electricity from generation sources, such as power plants, and resells the electricity to retail electric distribution companies and other customers. (RI Compl. ¶¶ 2, 5; MA Compl./Ans. ¶ 1[3].)

Narragansett is a retail electric distribution company with a principal place of business in Providence, Rhode Island. (RI Compl. ¶ 1.) Narragansett's predecessors include two retail electric distribution companies in Rhode Island formerly known as Blackstone Valley Electric Company ("Blackstone") and Newport Electric Company ("Newport"), both of which merged into Narragansett in 2000. (Id. ¶ 13.)

---

[2] This Court may properly accept and consider evidence outside the pleadings on this motion to dismiss, stay or transfer for improper venue. See Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004). See also Computer Assistance, Inc. v. Morris, 564 F. Supp. 1054, 1057 (D. Conn. 1983); Car-Freshner Corp. v. Auto Aid Mfg. Corp., 438 F. Supp. 82, 85 (N.D.N.Y. 1977).

[3] TransCanada cites particular paragraphs of its Massachusetts Complaint, and Narragansett's corresponding responses in its Massachusetts Answer, collectively by use of the following joint citation: "MA Compl./Ans. ¶ __."

**TransCanada's First-Filed Massachusetts Action**

On May 17, 2005, TransCanada filed a Complaint against Narragansett in the District of Massachusetts, Central Division of Worcester, claiming that Narragansett breached its obligations under a so-called "Wholesale Standard Offer Service Agreement" dated April 7, 1998 (the "WSOS Agreement"). (A copy of the WSOS Agreement is attached as Exhibit A to the MA Complaint (see Ex. 1.A)). The Massachusetts Action is entitled TransCanada Power Marketing Ltd. v. Narragansett Electric Company, C.A. No. 05-40076FDS. TransCanada served its MA Complaint on Narragansett on May 19, 2005. (See Return of Service attached as Exhibit 3.)

The original parties to the WSOS Agreement were TransCanada, on the one hand, and Blackstone, Newport and their affiliated Massachusetts retail electric company, Eastern Edison Company ("Eastern"), on the other hand. (RI Compl. ¶¶ 6, 8; MA Compl./Ans. ¶¶ 8, 15.) Blackstone, Newport and Eastern were all wholly-owned subsidiaries of Eastern Utilities Associates ("EUA"), a public utility holding company. (Id.) The WSOS Agreement was part of a larger Asset Purchase Agreement between TransCanada and Montaup Electric Company ("Montaup"), another Massachusetts-based subsidiary of EUA. (Id.; Taylor Aff. ¶ 7.)

Under the WSOS Agreement, TransCanada agreed to provide to Blackstone, Newport and Eastern (the "EUA Companies") a specific share of the necessary electric service ("Wholesale Standard Offer Service" or "WSOS") to supply the standard offer service needs of the EUA Companies' retail customers. Under the Agreement, TransCanada was to provide WSOS to Blackstone and Newport in Rhode Island through 2009, and to Eastern in Massachusetts through 2004. (RI Compl. ¶ 8; MA Compl./Ans. ¶ 15.) TransCanada was to receive for providing this Wholesale Standard Offer Service a price consisting of a stipulated set

of base prices rising over time (the "Standard Offer Wholesale Price"), plus a fuel index to account for future extraordinary fuel costs (the "Fuel Adjustment Factor," or "FAF"). The Fuel Adjustment Factor was to be calculated based upon tariffs filed by Blackstone and Newport with the Rhode Island Public Utilities Commission ("RI-PUC"). (RI Compl. ¶¶ 9-11; MA Compl./Ans. ¶ 16.) In 2000, Blackstone and Newport merged into Narragansett, a wholly owned subsidiary of National Grid USA, and Narragansett succeeded to the WSOS Agreement. (RI Compl. ¶¶ 13-15; MA Compl./Ans. ¶¶ 21-24.)

The gravamen of TransCanada's Massachusetts Complaint is that Narragansett breached the WSOS Agreement by (i) failing to file tariffs for a Fuel Adjustment Factor in Rhode Island after 2004, and (ii) failing pay a Fuel Adjustment Factor to TransCanada after 2004. In addition, TransCanada seeks a declaratory judgment establishing its right to terminate the WSOS Agreement as a result of Narragansett's breaches. (MA Compl. ¶¶ 25-47.) Specifically, the counts in the MA Complaint are for: breach of contract (Count I), contractual indemnity (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and for a declaratory judgment (Count IV). (MA Compl. ¶¶ 35-47.)

Narragansett filed its Answer and Counterclaim in the Massachusetts Action on June 7, 2005. (Ex. 2.) Narragansett's Counterclaim essentially asserts *defenses* to TransCanada's claims in the Massachusetts Action, as follows: alleged breach of contract based on TransCanada's "demand[s]" for payment of a Fuel Adjustment Factor and "threatened" termination of the WSOS Agreement (Count I); declaratory judgment that TransCanada is not entitled to FAF payments and has no right to terminate the WSOS Agreement (Count II); and alleged breach of good faith based on TransCanada's assertion of its claims (Count III). (MA Counterclaim ¶¶ 35-40.) The Massachusetts Action remains pending.

**Narragansett's (Forum-Shopping) Complaint**

On May 26, 2005, fully aware that TransCanada had initiated the Massachusetts Action, Narragansett brought its instant Rhode Island Complaint. The RI Complaint is literally identical, word-for-word and from start to finish, to Narragansett's defensive and compulsory Counterclaim in the Massachusetts Action. (Compare RI Complaint with MA Counterclaim.) Narragansett has offered no justification for this second-filed and identical action.

**ADDITIONAL FACTS RELEVANT TO THE BALANCE OF CONVENIENCE**

TransCanada's primary office is in Westborough, Worcester County, Massachusetts. It has no offices or employees in Rhode Island, except that it obtains certain accounting services from Rhode Island. (Taylor Aff. ¶ 3.) Narragansett, although based in Rhode Island, maintains its customer service office in Northborough, Worcester County, Massachusetts. In addition, Narragansett operates through a service agent, National Grid USA Services Company ("National Grid SC"), which is located in Northborough, Massachusetts. (See Taylor Aff. ¶¶ 4-5.)

The principal witnesses at TransCanada involved with the negotiation and subsequent performance of the WSOS Agreement were William Taylor and Michael Hachey, both of whom have at all relevant times worked at TransCanada's office in Westborough and live in Westborough, Massachusetts. (Taylor Aff. ¶¶ 1, 8, 9.) TransCanada's documents concerning the negotiation and performance of the WSOS Agreement are also currently located in TransCanada's offices in Westborough, Massachusetts. (Taylor Aff. ¶ 10.)

TransCanada and the EUA Companies negotiated the WSOS Agreement in Massachusetts, with the EUA companies negotiating through their affiliated service agent, the EUA Service Corporation ("EUA SC"), located in West Bridgewater, Massachusetts. Most of

these former EUA SC representatives, upon information and belief, still work in Massachusetts. (Taylor Aff. ¶ 11.)

The Agreement expressly states that it is governed by Massachusetts law, and that notices to the EUA Companies under the Agreement were to be sent to EUA SC in West Bridgewater, Massachusetts. (Agreement, §§ 13, 18; Taylor Aff. ¶ 12.)

After execution of the WSOS Agreement on April 7, 1998, substantially all communications concerning the Agreement were made between representatives of TransCanada in Westborough, Massachusetts and representatives of EUA SC in West Bridgewater, Massachusetts. (Taylor Aff. ¶ 13.)

Since Blackstone and Newport merged into Narragansett in 2000, TransCanada has communicated with Narragansett through Narragansett's service agent, National Grid SC, at its Northborough, Massachusetts offices. National Grid SC is also Narragansett's designee for notices under the WSOS Agreement. (Taylor Aff. ¶ 14.) Narragansett's public testimony before the RI-PUC, as referenced in paragraphs 18-21 of the RI Complaint and paragraphs 28-29 of the Massachusetts Complaint, was provided by representatives of National Grid SC working in, and living in and around, Northborough, Massachusetts. (Taylor Aff. ¶ 15.) Upon information and belief, many of the relevant decisions made by Narragansett concerning the WSOS Agreement were made by representatives of National Grid SC in Northborough, Massachusetts, and copies of all Narragansett's relevant documents concerning the WSOS Agreement are at National Grid's offices in Northborough, Massachusetts. (Taylor Aff. ¶ 16.)

Since the dispute came to a head in 2005, substantially all business communications concerning the dispute have occurred between TransCanada and Narragansett through Narragansett's service agent in Northborough, Massachusetts. (Taylor Aff. ¶¶ 17-19.) For

example, the TransCanada letter upon which Narragansett appears to base the specific counts in its Rhode Island complaint was sent from TransCanada in Westborough to Narragansett's service agent in Northborough, Massachusetts. (See RI Complaint ¶¶ 27-30, 32, 35-40; Taylor Aff. ¶ 18.)

In sum, substantially all interactions between TransCanada and representatives of Narragansett or its predecessors, related to the negotiation and performance of the WSOS Agreement, occurred in and from Massachusetts. Similarly, substantially all relevant witnesses and documents are located in Massachusetts.

## Argument

It is well established that, "where two suits involve the same issues, and prosecution of both would entail duplicative litigation and a waste of judicial resources, the first-filed suit is generally preferred." SW Indus., Inc. v. Aetna Cas. & Sur. Co., 653 F. Supp. 631, 634 (D.R.I. 1987). As this Court has recognized, the forum where an action is first filed is given priority over subsequent actions unless there is a showing of (1) balance of convenience in favor of the second action or (2) there are special circumstances which justify giving priority to the second. Id. (internal quotations and citations omitted). The burden is upon the defendant in the second-filed action – here Narragansett – to make the necessary showing to preserve jurisdiction in this action. See id.

Because the instant action is duplicative of the first-filed Massachusetts Action, and Narragansett cannot meet its burden of showing either that the balance of convenience weighs in favor of litigating this case in Rhode Island or that special circumstances exist, this Court should dismiss the instant action, or, alternatively, transfer it to the District of Massachusetts, or stay the action.

## I. The Instant Action Is Identical To The Earlier Filed Massachusetts Action.

The instant action is clearly "duplicative" of the first-filed Massachusetts Action. The RI Complaint asserts what would be defenses (or compulsory counterclaims) to the MA Complaint. Fed. R. Civ. P. 13(a). The Rhode Island Complaint is in fact identical, literally word-for-word, to the counterclaim Narragansett has already asserted in the Massachusetts Action. The parties in the two cases are also identical, and the exact same witnesses and evidence will obviously be at issue in both cases as the exact same dispute, Agreement, and facts are involved in both cases.

## II. The Balance Of Convenience Does Not Weigh In Favor Of Adjudicating The Dispute Between Narragansett And TransCanada In This Forum.

While the preference for the first-filed action is not a per se rule, a strong presumption of priority attaches to the first-filed action. Feinstein v. Brown, 304 F. Supp. 2d 279, 283 (D.R.I. 2004). To overcome this strong presumption, the defendant in the first-filed action – here Narragansett – must show either that (1) the balance of convenience weighs in favor of the later-filed action; or (2) special circumstances justify giving priority to the second action. See id.

In weighing the balance of convenience, courts typically consider several factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses and location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and (6) the state or public interest at stake. Feinstein, 304 F. Supp. 2d at 283 (citing The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 17 (D. Mass. 2002)).

Narragansett cannot show that litigating this dispute in Rhode Island would clearly be more convenient than litigating this dispute in Massachusetts. Thus, Narragansett cannot overcome the strong presumption in favor of allowing the first-filed Massachusetts Action to take priority over this second-filed action.

**A. The Plaintiff's Choice Of Forum**

Narragansett's choice of forum in this later-filed case should not take precedence over TransCanada's choice of forum in the first-filed case. While a plaintiff's choice of forum is generally accorded great weight by courts, "this preference is inoperative in a later-filed action, where the plaintiff's claims would constitute compulsory counterclaims in the defendant's earlier-filed action." SW Indus., 653 F. Supp. at 637 (citing Leesona Corp. v. Duplan Corp., 317 F. Supp. 290, 299 (D.R.I. 1970)). The First Circuit has particularly discounted a plaintiff's choice of forum in a later-filed action where the plaintiff's choice of forum and timing of suit appear to be nothing more than a "quick response . . . to [the first-filed suit,] designed to get home-court advantage." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (upholding a district court's decision to transfer an action filed in New Hampshire where the later-filed New Hampshire action was duplicative of the first-filed Maine action and was filed only a short time after the Maine action).

As stated above, Narragansett's claims in the instant action would clearly be compulsory counterclaims in the first-filed Massachusetts Action, as they are essentially no more than defenses to TransCanada's claims in the Massachusetts Action. See Fed. R. Civ. P. 13(a). Additionally, Narragansett's decision to bring the instant action in Rhode Island just seven days after receiving service of the Massachusetts Complaint, regarding the exact same Agreement and dispute, is nothing more than a flagrant example of forum-shopping aimed at achieving "home-court advantage." Thus, Narragansett's choice of forum in the instant action should not be afforded any weight.

**B. The Convenience Of The Parties**

Litigating the instant action in Rhode Island would actually be *less* convenient for the parties than litigating in Massachusetts.

TransCanada maintains its principle place of business in Westborough, Massachusetts. Narragansett is based in Rhode Island, but has a customer service office in Northborough, Massachusetts. Narragansett's service agent is also located in Northborough, Massachusetts. (Taylor Aff. ¶¶ 3-5.) Substantially all business communications between the parties concerning this dispute, and concerning performance of the WSOS Agreement, have occurred in and from Massachusetts. (Taylor Aff. ¶¶ 11, 13-14, 17-19.) Both parties' Massachusetts offices are both just minutes from the Federal Courthouse that will hear the Massachusetts Action. (Id. ¶ 20.)

Given Narragansett's business ties to Massachusetts with respect to the WSOS Agreement, and its clear ability (and indeed apparent preference) to communicate with TransCanada concerning this dispute through its service agent in and from Massachusetts (Taylor Aff. ¶¶ 17-19), Narragansett cannot now seriously argue that litigating this dispute in Massachusetts would be more burdensome than litigating in Rhode Island. See Veryfine Prods., Inc. v. Phlo Corp, 124 F. Supp. 2d 16, 26 (a corporation that sent employees to Massachusetts to contract with a Massachusetts corporation could not later claim that litigating the contracts in Massachusetts was an unreasonable burden). Thus, the convenience of the parties favors a Massachusetts forum.

**C. The Convenience Of The Witnesses And The Location Of The Documents**

The key witnesses relevant to this dispute, including third-party witnesses, are primarily located in Massachusetts. (Taylor Aff. ¶¶ 1, 8-9, 11, 14-18.) TransCanada's relevant documents are in Westborough, Massachusetts, minutes from the Federal Courthouse in Worcester, Massachusetts. (Id. ¶¶ 10, 20.) Narragansett's documents are believed to be in a similarly convenient location at its or its agent's offices in neighboring Northborough, Massachusetts. (Taylor Aff. ¶ 16.) Thus, litigating this dispute in Rhode Island, rather than in Massachusetts, would actually be *less* convenient for the witnesses and for document production. Although

some witnesses may ultimately be located in places other than Massachusetts, there is no added convenience for these witnesses if they travel to Rhode Island as opposed to Massachusetts. See Veryfine, 124 F. Supp. 2d at 26; Cianbro, 814 F.2d at 11.

Thus, this factor also favors a Massachusetts forum.

**D. The Connection Between The Forum And The Issues**

Massachusetts bears a strong connection to the facts and issues in this dispute. The dispute involves an Agreement negotiated in Massachusetts, between a company based in Massachusetts and a company with a Massachusetts office that manages the Agreement through its service agent in Massachusetts. (Taylor Aff. ¶¶ 3-4, 10.) The WSOS Agreement is expressly governed by Massachusetts law. (WSOS Agreement ¶ 13.) Substantially all communications between the parties concerning performance of the WSOS Agreement, and giving rise to this dispute, have taken place in and from Massachusetts. (Taylor Aff. ¶¶ 11, 13-14, 17-19.) For example, the letter upon which Narragansett appears to base its specific claims in the Rhode Island Complaint was sent and received in Massachusetts. (Id. ¶ 18.) See also Schmidt v. Am. Inst. of Physics, 322 F. Supp. 2d 28, 33 (D.D.C. 2004) (finding that Maryland bore a strong connection to a breach of contract action where the decisions giving rise to the plaintiff's complaint were made in Maryland and communicated to the plaintiff in Maryland).

While Rhode Island clearly also has a connection to this dispute, because the dispute involves conduct before the RI-PUC and electricity delivered in Rhode Island, the contractual obligations between the parties arise from and are governed by a Massachusetts contract. Thus, this factor is even or favors a Massachusetts forum.

**E. The Law To Be Applied**

The WSOS Agreement is expressly governed by Massachusetts law. (WSOS Agreement § 13.) Thus, this factor weighs squarely in favor of the Massachusetts Action. Paradis v.

Dooley, 774 F. Supp. 79, 83 (D.R.I. 1991) (noting that it is advantageous to have a lawsuit adjudicated by the federal district court that is most familiar with the law governing the dispute).

**F. The State Or Public Interest At Stake**

Massachusetts has a strong interest in resolving this dispute: the WSOS Agreement was negotiated in Massachusetts, it is governed by Massachusetts law, and the parties communicated with each other regarding the Agreement in Massachusetts.[4] While this dispute also involves conduct before the RI-PUC and electricity delivery in Rhode Island, the parties' obligations are governed by a Massachusetts contract and Massachusetts law. A federal court sitting in Massachusetts may be presumed to have greater familiarity with Massachusetts law than a federal court sitting in a different district. See Paradis, 774 F. Supp. at 83. Thus, even though portions of the WSOS Agreement were carried out in Rhode Island, the public interest also weighs in favor of allowing this dispute to be resolved in Massachusetts. Schmidt 322 F. Supp. 2d at 35 ("the public interest is 'best served by having a case decided by the federal court in the state whose laws govern the interests at stake.'") (quoting Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 19 (D.D.C. 1996)).

This factor is therefore roughly even or favors Massachusetts, which as a procedural matter weighs in favor of allowing the first-filed Massachusetts Action to take priority over the instant action.

**G. Summary of Convenience Factors**

In sum, all of the balance of convenience factors are either equal or weigh in favor of the first-filed Massachusetts Action. This action thus clearly should be litigated in Massachusetts. Indeed, courts routinely give preference to first-filed actions in cases in which the balance of

[4] Narragansett could have, but did not, bargain for a forum selection clause in the WSOS Agreement. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3rd Cir. 1995).

convenience factors are far more neutral than in the present case. See, e.g., J. Lyons & Co. Ltd. v. The Republic of Tea, Inc., 892 F. Supp. 486, 492 (S.D.N.Y 1995) (dismissing action in favor of prior suits because the balance of convenience did not weigh sufficiently in favor of the second filed action); Leesona Corp., 317 F. Supp. at 299-02 (transfering second-filed action in favor of first filed action where factors were mixed); S.W. Indus., 653 F. Supp. at 639 (staying the second-filed proceeding where the balance of convenience factors were roughly even); Cianbro, 814 F. 2d at 11 (upholding transfer of second-filed action to venue of the first filed action where convenience of the parties and witnesses was inconclusive).

## III. No Special Circumstances Exist Which Overcome The Strong Presumption In Favor Of The First-Filed Massachusetts Action.

Courts have recognized a second exception to the first-filed rule where "special circumstances" exist which justify giving priority to the second-filed suit instead of to the first. However, as the court noted in Veryfine, "[t]hese circumstances are usually found in situations in which one party has won a race to the courthouse by jumping the gun and filing a declaratory judgment action in a forum that has little relation to the dispute." Veryfine, 124 F. Supp. 2d at 22. These cases bear no similarities to the Massachusetts Action filed by TransCanada.

## CONCLUSION

For the foregoing reasons, TransCanada respectfully requests that this Court dismiss the instant action. In the alternative, TransCanada requests that this Court transfer this action to the District of Massachusetts (Central Division) for consolidation with C.A. No. 05-40076FDS, or stay this Action pending final resolution of C.A. No. 05-40076FDS.

Respectfully submitted,

TRANSCANADA POWER MARKETING, LTD.

By its Attorneys,

Kristin E. Rodgers #4842
Blish & Cavanagh LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 (fax)

Dated: June 16, 2005

*Pro Hac Vice Pending*

Daniel C. Winston (BBO#562209)
Wendy S. Plotkin (BBO#647716)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000
(617) 248 4000 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2005 a copy of Defendant's Motion to Dismiss or, in the Alternative, to Transfer Proceedings to the District of Massachusetts, was duly served upon the following counsel of record for plaintiff, by hand:

Gerald J. Petros, Esq. (BBO#2931)
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903
Telephone No. (401) 274-2000
Fax No. (401) 274-9600