STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PUBLIC UTILITIES COMMISSION
89 Jefferson Blvd.
Warwick RI 02888
(401) 941-4500

Chairman Elia Germani
Commissioner Robert B. Holbrook

April 6, 2005

Mr. Michael E. Hachey
Director, Power Marketing
TransCanada Power Marketing Ltd.
110 Turnpike Road – Suite 203
Westborough, MA 01591-2863

Re: TransCanada Power Marketing Ltd.'s Request for Informal Meeting with the Commissioners

Dear Mr. Hachey:

In response to your letter of April 4, 2005, my understanding was that you had requested, through me, an informal, off-the-record meeting with the Commissioners of the Public Utilities Commission (Commission). After speaking with the Commissioners, I left you a voicemail indicating their discomfort with such a discussion in light of the fact that any rate impact of any changes to a Standard Offer Service (SOS) Contract would be subject to Commission approval. All such discussions should be on the record.

The second paragraph of your letter states that TransCanada has not been a party to previous hearings at the Commission regarding SOS and that you were unaware of Narragansett Electric Company's (Narragansett) interpretation of its SOS contracts. TransCanada has chosen not to participate in those publicly noticed hearings. As I am sure you are aware, all members of the public, including suppliers, are invited to participate through the public comment process at the Commission. Additionally, all Narragansett rate filings are posted on the Commission's website prior to the hearings as are all Commission Orders shortly after their issuance. At the very minimum, the issue of the interpretation of the fuel index adjustment provision in the Standard Offer contracts has been a matter of public record for just under two years (23 months). TransCanada has had ample opportunity to share its interpretation in a public forum in the same manner as Narragansett, namely, through testimony provided on the record.

You indicated you were not seeking Commission action, but simply wanted to share the ramifications of Narragansett's interpretation of the contract and the impact on ratepayers, including a scenario where you threaten to terminate your contractual obligations to serve Narragansett's SOS contracts. However, any dispute resolution or other action taken pursuant to the terms of the contracts which would later require Commission action regarding rate recovery should be on the record from the beginning, as it has been with Narragansett.

Just as we have treated Narragansett, if you wish to have a meeting with the Commission regarding this matter, you may seek to have an on-the-record discussion at any time.

Sincerely,

Cynthia G. Wilson

Cynthia G. Wilson
Senior Legal Counsel

cc: Division of Public Utilities and Carriers