UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY, Plaintiff, | ) | C.A. No. 05-234-S |
| v. | ) | **Special Attention Requested D.R.I. Loc. R. 11(c)** |
| TRANSCANADA POWER MARKETING LTD., Defendant. | ) | |

**TRANSCANADA POWER MARKETING LTD.'S MOTION FOR LEAVE TO FILE AFFIDAVIT AND OBJECTIONS IN SUPPORT OF ITS MOTION TO DISMISS, STAY OR TRANSFER VENUE**

Defendant TransCanada Power Marketing, Ltd., hereby moves for leave to file Affidavit of Michael Hachey ("Hachey Affidavit") in further support of its Motion to Dismiss, Stay or Transfer Venue (the "Motion to Dismiss") currently pending before this Court and to note certain objections to the Supplemental Affidavit of Michael Hager ("Hager Supp. Aff."). Narragansett has consented to this Motion to the extent of the filing of the Hachey Affidavit.

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

In support of this Motion, TransCanada relies on the accompanying Memorandum.

TRANSCANADA POWER MARKETING LTD.,

By its attorneys,

Kristin E. Rodgers #4842
Mary C. Dunn #6712
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

Daniel C. Winston (*pro hac vice*)
Wendy S. Plotkin (*pro hac vice*)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 248-5000
Facsimile: (617) 248-4000

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 23rd day of September, 2005, I caused a true copy of the within Motion to be sent via hand delivery to Gerald J. Petros, Esq., Hinckley Allen & Snyder, 1500 Fleet, Providence, RI 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE NARRAGANSETT ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRANSCANADA POWER MARKETING LTD.,<br><br>Defendant. | ) | C.A. No. 05-234-S<br><br>**Special Attention Requested**<br>**D.R.I. Loc. R. 11(c)** |

**MEMORANDUM IN SUPPORT OF TRANSCANADA POWER MARKETING LTD.'S MOTION FOR LEAVE TO FILE AFFIDAVIT AND OBJECTIONS IN FURTHER <u>SUPPORT OF ITS MOTION TO DISMISS, STAY OR TRANSFER VENUE</u>**

Defendant TransCanada Power Marketing, Ltd., submits the within Memorandum in support of its Motion for Leave to File Affidavit of Michael Hachey ("Hachey Affidavit") in further support of its Motion to Dismiss, Stay or Transfer Venue (the "Motion to Dismiss") currently pending before this Court and to note certain objections to the Supplemental Affidavit of Michael Hager ("Hager Supp. Aff."). Narragansett has consented to this Motion to the extent of the filing of the Hachey Affidavit.

In support of this Motion, TransCanada states that, at the hearing on the Motion to Dismiss held on September 9, 2005, the Court requested that the parties submit a "Joint Stipulation" setting forth the facts concerning the parties' negotiations leading up to the initiation of this litigation by Friday, September 23, 2005. Unfortunately, the parties were unable to reach agreement on a Joint Stipulation, as has been set forth in a joint letter to this Court. At the September 23 hearing, the Court acknowledged that TransCanada would be permitted to submit

BLISH & CAVANAGH
COUNSELLORS AT LAW
COMMERCE CENTER
30 EXCHANGE TERRACE
PROVIDENCE, RI 02903-1765
(401) 831-8900
FAX (401) 751-7542

an independent affidavit to the Court on this matter. TransCanada seeks leave to file this Affidavit so that this Court will have a full record before it when it considers TransCanada's Motion to Dismiss.

TransCanada wishes to note its objections to the admissibility of portions of the Supplemental Hager Affidavit, since it was not able to respond to the Supplemental Hager Affidavit in view of or by way of the anticipated Joint Stipulation. TransCanada's Obections are as follows, for the Court's consideration: First, much of the Supplemental Hager Affidavit is not based on personal knowledge (*see, e.g.,* ¶¶ 4-5,7-8,20-21), but instead is based on a hearsay recounting (in some cases double hearsay) of conversations to which Hager was not a party. [1] *See Bradshaw v. Campbell*, 103 R.I. 319, 323 (R.I. 1968) (excluding portions of affidavit that constituted hearsay). Second, other portions of the Supplemental Hager Affidavit and certain of its exhibits (*see, e.g.,* ¶ 21, Exs. B, D, E, G) are based on internal, selectively produced and privileged documents produced in anticipation of litigation that are not admissible as business records, and should also not be considered without full and non-selective disclosure. *See Beacon Mutual Ins. Co. v. One Beacon Ins. Co.*, 376 F. Supp. 2d 251, 262 (D.R.I. 2005) (acknowledging that the business record exception to the hearsay rule is not available when a document is prepared in anticipation of litigation.) None of this alleged evidence should be considered.

[1] By contrast, to the extent the Hachey Affidavit relies upon communications to which Hachey was not a party, the Hachey Affidavit is supported by a separate, original affidavit attached as an exhibit thereto, upon which latter affidavit both TransCanada and Hachey further rely.

WHEREFORE, TransCanada respectfully requests that this Court grant its Motion for Leave to File Affidavit, and note the objections above.

TRANSCANADA POWER MARKETING LTD.,

By its attorneys,

Kristin E. Rodgers #4842
Mary C. Dunn #6712
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence RI 02903
Telephone: (401) 831-8900
Facsimile: (401) 751-7542

Daniel C. Winston (*pro hac vice*)
Wendy S. Plotkin (*pro hac vice*)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 248-5000
Facsimile: (617) 248-4000

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 23rd day of September, 2005, I caused a true copy of the within Memorandum to be sent via hand delivery to Gerald J. Petros, Esq., Hinckley Allen & Snyder, 1500 Fleet, Providence, RI 02903.