UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

```
_____
                             )
The Narragansett Electric    )
Company,                     )
                             )
          Plaintiff,         )
                             )
          v.                 )    C.A. No. 05-234S
                             )
Transcanada Power            )
Marketing, Ltd.,             )
                             )
          Defendant.         )
_____)
```

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant's Motion to Dismiss or, in the Alternative, to Stay or Transfer Venue to the District of Massachusetts.  For the reasons that follow, Defendant's motion is granted to the extent it requests this action be stayed pending adjudication in the District of Massachusetts.

I.  Background

This case involves a contractual dispute between The Narragansett Electric Company ("Narragansett") and Transcanada Power Marketing Ltd. ("Transcanada").  Narragansett is the largest electric distribution company in Rhode Island, providing electricity to approximately 480,000 Rhode Island customers. Narragansett purchases electricity for its customer base from Transcanada, a power distribution company, pursuant to the terms

and conditions of their Wholesale Standard Offer Service Agreement ("WSOS Agreement").  At the heart of their dispute is a provision in the WSOS Agreement providing that Transcanada shall receive a price for its electricity which includes:  (1) the standard offer wholesale price; and (2) a fuel adjustment factor, to be approved by the Rhode Island Public Utilities Commission.  The parties differing contractual interpretations focus on whether, beginning in January of 2005, Narragansett should still be required to pay the fuel adjustment factor as part of the price for electricity.[1]

Upon realizing they did not see eye-to-eye, the parties entered into settlement negotiations.  Before reaching a resolution, however, Transcanada filed suit on May 17, 2005, in the District of Massachusetts, Worcester Division.  See TransCanada Power Mktg. Ltd. v. Narragansett Elec. Co., C.A. No. 05-cv-40076-FDS (D. Mass.).  After filing an answer and counterclaim in the Massachusetts action, Narragansett filed this lawsuit against Transcanada on May 26, 2005.[2]  Not wanting to relinquish its home-field advantage, Transcanada has now filed in this Court a Motion to Dismiss or, in the Alternative, to Stay or Transfer Venue to the District of Massachusetts.  On September 9, 2005, this Court heard

---

[1] Thus far in 2005, Narragansett has continued to pay the fuel adjustment factor under protest.

[2] The parties do not dispute that the Complaint filed by Narragansett is identical to Narragansett's counterclaim filed in the Massachusetts action.

arguments on Transcanada's motion, and requested that the parties
file a joint stipulation concerning their negotiations up until the
time Transcanada filed suit.    Thereafter, Transcanada notified the
Court that it had filed in the Massachusetts action a Motion to
Enjoin Narragansett from prosecuting this case in Rhode Island,[3]
and that the parties were unable to reach agreement on a joint
stipulation regarding negotiations.

II.   Discussion

As this writer recently discussed in Cruz v. Hartford Casualty
Ins. Co., No. C.A. 005-38S, 2005 WL 1231965, *2 (D.R.I. May 20,
2005), the discretionary decision to transfer a case to a different
forum must take into account the presumption that the first-filed
action should prevail.   "The 'first-filed rule' is an equitable
doctrine of venue selection followed universally: '[w]here
identical actions are proceeding concurrently in two federal courts
. . . the first filed action is generally preferred in a choice-of-
venue decision."   Feinstein v. Brown, 304 F. Supp. 2d 279, 280-81
(D.R.I. 2004)(quoting Cianbro Corp. v. Curran-Lavoie, Inc., 814
F.2d 7, 11 (1st Cir. 1987)).

---

[3] According to the docket sheet, the Massachusetts court
issued a scheduling order and heard arguments on Transcanada's
Motion to Enjoin on October 4, 2005.   See TransCanada Power Mktg.
Ltd.  v.  Narragansett  Elec.  Co.,  C.A.  No.  05-cv-40076-FDS,
Electronic Clerk's Notes and Doc. #17 (D. Mass.) (last accessed
October 5, 2005).

There are, of course, ways in which the first-filed presumption may be overcome, one of which occurs when the balance of convenience favors the second-filed action. Factors to be weighed under this exception include: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of witnesses and location of documents; (4) any connection between the forum and the issues; (5) the law to be applied; and (6) the state or public interest at stake. The presumption may also be overcome "[w]hen the first-filed action is the result of a preemptive 'race to the courthouse.'" Id. at 283. Concerns regarding pre-emptive filings are especially implicated when the race to the courthouse occurs in the midst of productive settlement negotiations. See Nortek, Inc. v. Molnar, 36 F. Supp. 2d 63, 70 (D.R.I. 1999)(courts should not "reward conduct that undermines the sound policy of promoting settlements and negotiations outside the courthouse").

Here, it is undisputed that the instant action and the litigation in the District of Massachusetts are identical. Also undisputed is that the Massachusetts action is the first-filed case -- Transcanada filed its Complaint in Massachusetts court nine days before Narragansett filed its Complaint here. What is disputed is whether Transcanada should benefit from the presumption in favor of the first-filed action and whether this case should proceed during adjudication by the District of Massachusetts court.

4

Transcanada argues that transfer is appropriate because the balance of convenience favors Massachusetts as a forum. Narragansett counters by urging this Court to ignore the first-filed rule because the balance of convenience actually favors Rhode Island, in that the resolution of this litigation could impact approximately 480,000 Rhode Island customers, and involves conduct before the Rhode Island Public Utilities Commission.[4] Additionally, Narragansett believes that Transcanada should not benefit from the first-filed rule because Transcanada's Massachusetts Complaint should be considered an improper anticipatory filing in the midst of ongoing settlement negotiations. To hold otherwise, Narragansett argues, would be to undermine the sound policy of encouraging settlements and negotiations outside the courthouse.

Narragansett's points are well-founded -- the potential impact upon a large number of Rhode Island residents and the rates they

---

[4] Much ado is also made about whether the convenience of parties, potential witnesses, and location of documents support Massachusetts or Rhode Island as a forum. The Worcester courthouse is approximately 40 miles from Providence, a distance that could prove challenging for pro se individuals. The Court is hard-pressed, however, to believe this distance inconveniences sophisticated litigants such as Narragansett and Transcanada, even at a time when gasoline prices hover around $3.00 per gallon.

Moreover, it should be noted that another Judge of this Court recently transferred venue of a high profile criminal matter to Worcester from Providence. The Judge, her staff, and the attorneys all managed the daily commute with no reported injuries or inconvenience.

pay for electricity, as well as the potential involvement of Rhode Island regulatory agencies make for a compelling connection between this case and Rhode Island.[5]  Moreover, the concerns discussed in Nortek merit further consideration of whether Transcanada should benefit from the first-filed rule.

Despite the willingness to litigate this dispute in Rhode Island, however, this Court must also be mindful of the doctrine of federal comity, "which requires the federal district courts to refrain from interfering with each other's affairs." Gemco Latinoamerica, Inc. v. Seiko Time Corp., 623 F. Supp. 912, 916 (D.P.R. 1985).  Otherwise, "there would exist the possibility of conflicting judicial resolutions as well as a duplication of judicial efforts." Id.  These concerns have resulted in the understanding that "the district court hearing the first-filed action should determine whether special circumstances [or the balance of convenience] dictate that the first action be dismissed

---

[5] This writer pauses to note that his status as a Narragansett rate payer would not present a disqualifying conflict of interest. As correctly discussed by Plaintiff at the September 9, 2005 hearing, an interest shared by a judge in common with the public (as is often the case in public utility litigation) does not by itself mandate recusal. See, e.g., In re New Mexico Natural Gas Antitrust Litig., 620 F.2d 794, 796-97 (10th Cir. 1980) (reversing a district judge who had recused himself because the possible beneficial effect on future utility bills was not a "financial interest" or "other interest" that was "substantially affected"). Simply stated, the mere possibility that electrical rates may increase does not alter this Court's ability to preside over this proceeding free from bias and with complete impartiality.

in favor of a later-filed action." Id. (internal quotations and citation omitted); see also Cruz, 2005 WL 1231965 at *3.

Application of these principles leads to the conclusion that the Massachusetts court should have the opportunity to determine the applicability of the first-filed rule. Whether Transcanada has a pending motion to enjoin prosecution is immaterial to this determination, because the courts are simply better equipped than the litigants to handle cases with an eye toward efficiency. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 732 (5th Cir. 1985)("it seems clearly better for parties to rely on the discretion of the court in the second-filed action to prevent duplicative litigation, rather than to require them to seek an injunction in another court to prevent such duplicative litigation"). Thus, this Court will defer the ultimate decision on whether the first-filed rule should govern venue in this case to the court sitting in Worcester, Massachusetts.

III. Conclusion

In light of the foregoing, Transcanada's Motion to Dismiss or, in the Alternative, to Stay or Transfer Venue to the District of Massachusetts is GRANTED to the extent that this action shall be stayed pending adjudication of TransCanada Power Mktg. Ltd. v.

<u>Narragansett Elec. Co.</u>, C.A. No. 05-cv-40076-FDS (D. Mass.).   The
Clerk shall transmit a copy of this Order to the Judge presiding
over the case in the District of Massachusetts.


IT IS SO ORDERED.

William E. Smith
United States District Judge
Date: 10/5/05

8